IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18-CR-00760 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN DILLARD, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Brian S. Deckert, Assistant United States Attorney, and hereby files this sentencing memorandum.  The Government agrees with the calculations contained within the Presentence Investigation Report filed May 23, 2019, (R. 10: PSR, PageID 64), and recommends a sentence within the range specified in paragraph 70 of the report.

I.      OFFENSE CONDUCT AND GUIDELINE CALCULATION

A.      Offense Conduct

On October 25, 2018, members of the Cleveland Police Department 4th District Vice Unit ("CPD") executed a search warrant at the residence of Defendant Bryan Dillard ("DILLARD") based in part on an investigation into drug sales made by DILLARD.  CPD made entry into the apartment and discovered DILLARD as the sole occupant of the premises.  In addition to some marijuana, CPD recovered:  a Hi-Point, Model JHP, .45 caliber pistol, bearing an obliterated serial number that was recovered to be X4101285, 7 rounds of .45 caliber ammunition, a Western Field, Model M550A, 12 Gauge Pump Shotgun, and a Jimenez Arms, Model JA22, .22 caliber pistol, serial number 1278768, and 5 rounds of .22 caliber ammunition. Additionally, CPD recovered three boxes of ammunition, various loose ammunition, and a magazine for a .380 caliber firearm.

DILLARD was prohibited from possessing a firearm or ammunition due to convictions for Attempted Felonious Assault, in Case Number 04-CR-453937, in Cuyahoga County Common Pleas Court, on or about January 6, 2005; Robbery, in Case Number 04-CR-455738, in Cuyahoga County Common Pleas Court, on or about January 6, 2005; and Attempted Robbery, in Case Number 06-CR-486947, in Cuyahoga County Common Pleas Court, on or about December 12, 2006.  All of the firearms and ammunition travelled in and affected interstate commerce.

B.     Guideline Calculation

DILLARD was indicted on December 19, 2018, for one count of felon in possession of a firearm and/or ammunition, in violation of 18 U.S.C. § 922(g)(1).  (R. 1: Indictment; PageID 1-2).  On February 22, 2019, DILLARD entered a plea of guilty pursuant to a Rule 11(c)(1)(B) plea agreement.  (R. 8: Plea Agreement, PageID 31-41).  The following is the relevant guideline calculations as correctly stated in the presentence report and the plea agreement.  (R. 59: PSR, PageID 245-246).

| U.S.S.G. § 2K2.1: Felon in Possession of a Firearm and Ammunition (Count 1) | | |
|---|---|---|
| Base offense level | 14 | § 2K2.1(a)(6) |
| Specific offense characteristics (3-7 firearms) | +2 | § 2K2.1(b)(1)(A) |
| Specific offense characteristics (obliterated serial number) | +4 | § 2K2.1(b)(4)(B) |
| **Subtotal** | **20** | |

While DILLARD has a lengthy criminal history dating back to the age of 18 for offenses of violence, only six (6) points are counted, placing him in Criminal History Category III.  With an offense level 17 after acceptance of responsibility and a Criminal History Category III, his guideline imprisonment range is 30-37 months.  (R. 10: PSR, PageID 77).

II.     **SENTENCING FACTORS 18 U.S.C. § 3553(A)**

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553(a), which states:

This Court is required to consider the following factors in determining the sentence.

(a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed--

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for--

    (5) any pertinent policy statement--

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

        The nature and circumstances of DILLARD's offense conduct and his history and characteristics support the imposition of a sentence within the guideline range.  DILLARD is thirty-three years old and has numerous and repeated felony convictions for violence and drugs

over the past sixteen years.  DILLARD also has a number of arrests and convictions for lower level drug, theft, and domestic violence offenses.  The list below represents only his felony convictions.

 In March 2005, DILLARD was convicted of attempted felonious assault in Cuyahoga County Court of Common Pleas and was sentenced to 1 year of incarceration and up to 3 years of post-release control.

In March 2005, DILLARD was also convicted of robbery in Cuyahoga County Court of Common Pleas and was sentenced to 1 year of incarceration and up to 3 years of post-release control.

In January 2007, DILLARD was convicted of attempted robbery in Cuyahoga County Court of Common Pleas and was sentenced to 1 year of probation.  During his time on probation, DILLARD violated the terms of the probation and it was extended.

In February 2012, DILLARD was convicted of robbery in Cuyahoga County Court of Common Pleas and was sentenced to 1 year of incarceration and up to 3 years of post-release control.

In June 2012, DILLARD was convicted of identity fraud and misuse of credit cards in Cuyahoga County Court of Common Pleas and was sentenced to 1 years of prison and three years of post-release control.

As a result of DILLARD's consistent criminal activity over the last sixteen years and absolute failure to benefit from previously imposed sanctions, the Government's position is that his criminal history score is not overrepresented, and a sentence within the guideline range reflects the seriousness of his offense, promotes respect for the law and provides just punishment for his criminal conduct.  Furthermore, the Presentence Investigation Report has not identified

any factors as possible founds for a departure or variance from the sentencing guidelines provisions.

## III.    <u>CONCLUSION</u>

Based on the lengthy and repeated criminal history, his repeat offender status while under court supervision or sanction, and complete lack of regard for the criminal justice system, the Government respectfully requests this Court sentence Defendant BRYAN DILLARD within the advisory guideline range.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:    /s/ Brian S. Deckert
Brian S. Deckert (OH: 0071220)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3873
(216) 522-8355 (facsimile)
Brian.Deckert@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of May 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Brian S. Deckert
Brian S. Deckert
Assistant U.S. Attorney