UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:18CR760** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **BRYAN DILLARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Defendant Bryan Dillard's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A), **Doc #: 22**. For the following reasons, Dillard's Motion is **DENIED**.

## I. Background

Dillard pleaded guilty to felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g) and was sentenced to 30 months in the custody of the Bureau of Prisons. Doc. ##: 8, 14. He is currently held at Federal Corrections Institute Elkton ("FCI Elkton") and has an expected release date of July 22, 2021.[1] Dillard asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) due to concerns regarding heightened risk posed to him by confinement during the COVID-19 pandemic.

## II. Sentence Modification

### a. Exhaustion

Under 18 U.S.C. § 3582(c)(1)(A), a court may consider sentence modification upon:

> [M]otion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

---

[1] https://www.bop.gov/inmateloc/.

Dillard made his request to the Warden of FCI Elkton on June 17, 2020, and the Warden denied his request on June 26, 2020. Doc #: 22, Ex. A, B. The government concedes that Dillard has satisfied the exhaustion requirement. Doc #: 25 at 2.

### b. Requirements for Sentence Modification

Under § 3582(c)(1)(A)(i), before granting a sentence modification a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community; and (3) the reduction is appropriate considering the § 3553(a) factors. *United States v. Hardin*, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio May 21, 2020).

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Here, the only relevant category is the fourth category, labeled "other reasons." *Id.* at *8. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *Id.*

In his Motion, Dillard states he tested positive for COVID-19 on July 9, 2020. Doc #: 22 at 2, Ex. C. He has not been tested again since then. *Id.* at 7; Doc. #: 27 at 2. He does not identify any symptoms or complications he experienced. Dillard notes the data indicating increased hospitalization and death rates from COVID-19 for racial and ethnic minorities like him, and he asserts that because it is unclear whether he is at risk for reinfection and equally unknown how much long-term damage reinfection might cause, the Court should grant him compassionate release. *Id.*

The record shows Dillard contracted COVID-19 and does not identify any complications he experienced. Regardless of the uncertainty as to whether he is at risk of contracting COVID-19 again, the Court finds he has not shown extraordinary and compelling reasons warrant release because the facility where he resides is not experiencing a severe COVID-19 outbreak. While FCI Elkton previously had over 1000 cases among inmates and staff members, currently it only has four cases, including two inmates and two staff members.[2]

Because Dillard does not show extraordinary and compelling reasons warranting a sentence modification, the Court does not decide whether he is a danger to the safety of any other person or the community or whether the § 3553(a) factors favor release.

### III. Conclusion

For the foregoing reasons, Dillard's Motion **, Doc #: 22**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster October 1, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**

---

[2] *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Sept. 30, 2020).